UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES W.D. WILLIAMS, IV,**

    **Plaintiff,**

                                                                    Case No. 2:22-cv-3363
                                                            **Chief Judge Algenon L. Marbley**
    **v.**                                                        **Magistrate Judge Chelsey M. Vascura**

**LIBERTY MUTUAL INSURANCE
CO.,** *et al.***,**

    **Defendants.**

## OPINION & ORDER

Plaintiff, James W.D. Williams, IV, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under Ohio state law arising out of two separate motor vehicle accidents in which Plaintiff was injured. Plaintiff names as Defendants Liberty Mutual Insurance Company, the insurer of the vehicle, Frank Distler, the operator of the vehicle in the second accident, and Freda Williams, the owner of the vehicle. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, this action is **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to

assert any claim over which this Court has subject-matter jurisdiction **WITHOUT PREJUDICE** to filing this action in state court.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff alleges that in January 2022, Plaintiff was operating a vehicle owned by Defendant Freda Williams and insured by Defendant Liberty Mutual when the braking system failed, causing him to crash the vehicle into a brick wall. (Compl., ECF No. 1-1, PAGEID #9.) As a result of his injuries, Plaintiff was hospitalized for six days. (*Id.*) Plaintiff alleges that Liberty Mutual has breached its insurance contract, acted in bad faith, and intentionally inflicted emotional distress by refusing to pay his insurance claim. (*Id.* at PAGEID #10.)

Plaintiff further alleges that in May or June of 2022, Defendant Frank Distler negligently operated the same motor vehicle while Plaintiff was a passenger and that Plaintiff suffered severe

bodily and mental injury as a result. (*Id.* at PAGEID #11.) He again alleges that Liberty Mutual has intentionally failed to pay Plaintiff's insurance claim arising from this second accident.

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In this case, Plaintiff's allegations of negligence, breach of contract, intentional infliction of emotional distress, and bad faith related to the motor vehicle accidents that caused his injuries

3

pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that he and Defendants are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has subject-matter jurisdiction over his claims.

### III.     DISPOSITION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to close this case and terminate all pending motions.

**IT IS SO ORDERED.**

/s/ *Algenon L. Marbley*
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**